James E. Mhloaht, J.
This is a motion by the attorney for the defendant for an order to inspect the Grand Jury minutes and for an order to suppress the evidence and for a further order to dismiss the indictment. The District Attorney on the call of the motion calendar stated that he opposed the motion but there was no oral argument and no answering affidavit was submitted in opposition.
The motion to inspect the Grand Jury minutes is denied. The moving papers must show “ from whatever source, by clear and *982 satisfactory evidence * * * that there was an insufficiency of proof before the Grand Jury, [since] the indictment is presumed valid and regular.” (People v. Howell, 3 A D 2d 153, 155, affd. 3 N Y 2d 672.)
As to that part of the motion relating to the suppression of evidence, the court in the interest of procedural orderliness has adopted the following rule:
“ Rule VIII of the Rules of the Court of General Sessions —
‘ ‘ 1. All motions made in advance of trial shall be made upon papers and must state facts showing substantial grounds for relief.
“ 2. Motions which raise no issue of fact but only an issue of law shall be made to and determined by the Judge in Part I.
“ 3. Motions raising any issue of fact shall be made or referred to and determined by the judge in the trial part.
11 4. The trial judge shall have discretion to defer consideration of the motion until the trial.
“ 5. Upon a showing of reasonable excuse for the failure to make the motion in advance of trial, the judge may entertain such motion at the trial.”
Such motion for the suppression of evidence under subdivision 1 of rule VIII must be made prior to trial if the defendant has knowledge of the grounds through affirmative allegations on which to base the motion. This rule VIII requiring the motion to suppress to be made before trial is designed to eliminate from the trial, disputes over police conduct not relevant to the question of guilt of the defendant.
The court deems it proper to require of one who seeks to challenge the legality of the search to submit supporting papers giving detailed information, not conclusions, explaining the circumstances surrounding the invasion of privacy. The court will bar the defendant from obtaining an order to suppress relevant evidence who fails to allege sufficient factual matter showing substantial grounds for relief.
Here the moving party is the attorney for the defendant who submits an affidavit not based upon any information, knowledge or belief concerning the alleged illegality. There is such a lack of supporting factual statements made herein in which to successfully challenge the legality of the search that the motion to suppress the evidence is denied.
However, the motion may be renewed upon proper papers conforming to rule VIII of the Rules of the Court of General Sessions. The motion to dismiss the indictment is also denied.